UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 0 2009

Clerk of Court

| | | |
|---|---|---|
| JAMES T. RIGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | _____ |
| | § | |
| GRIFFIN RESTAURANTS, INC. | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendant Griffin Restaurants, Inc. files this Notice of Removal under 28 U.S.C. §§ 1331, 1441 and 1446(a).

### A. Facts

1.  Defendant Griffin Restaurants, Inc. ("Griffin") is a responsible non-subscriber under the Texas Workers' Compensation Act, and is based in Houston, Texas. At all relevant times, Griffin employed Plaintiff, James T. Riggs ("Riggs"), who was covered along with Griffin's other employees by an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974, § 29 U.S.C. 1001 et seq. ("ERISA"). Included as part of that plan is a written ERISA Plan and Summary Plan Description ("SPD"). The written ERISA Plan is available, and the SPD is distributed, to all of Griffin's employees, and both documents expressly provide for covered workplace accidents and injuries. The Plan is self-funded, but Griffin chose to obtain a workplace-

safety insurance policy (the "Policy"), from which all or part of the available ERISA benefits could be drawn.

2.  Although the facts alleged are thin, this case nevertheless involves a workplace accident claim and a related allegation regarding the administration of certain ERISA benefits. Riggs complains in his Original Petition that he worked for Griffin, and while doing his job he sustained serious and permanent injuries. ORIGINAL PETITION, ¶ IV, p.2. Riggs further says that his injuries required medical treatment. *Id.* ¶ X, pp.3-4. Additionally, as the basis of his suit, Riggs alleges that Griffin was negligent in coordinating his medical care, which is derived from Griggin's agreement to provide benefits to Riggs in the event of a work-related injury. *See Id.* ¶ VIII, p.3. Here, Riggs's Petition claims that he was injured while he was working on Griffin's premises, that he sought benefits for his injuries from Griffin, and that Griffin administered those benefits negligently. In effect, Riggs has alleged a claim for benefits under ERISA, which invokes the Court's federal question jurisdiction under 28 U.S.C. §§ 1331.

3.  Moreover, Griffin specially alleges that Riggs's state-law negligence claim is completely preempted. Section 502 of ERISA includes a civil enforcement provision to allow "a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). State law claims that fall within the scope of ERISA Section 502(a) are completely preempted. Riggs's Petition alleges that Griffin negligently coordinated benefits for his work-related injury, which were covered by Griffins's workplace accident policy. Such claims are within the exclusive province of ERISA, are completely preempted, and should be dismissed. Moreover, Griffin specially alleges that Riggs's extra-contractual damages claims are preempted, in

that they are not provided for under Griffin's ERISA Plan. *See e.g. Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321 (5th Cir.) (rejecting a claim for emotional distress under ERISA), *cert. denied*, 506 U.S. 1033, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992).

4. Riggs filed his Original Petition in Texas state court, in the 164th Judicial District Court, Harris County, Texas, on September 22, 2009. Riggs alleged a negligence claim against Griffin, for injuries he received while working for or on behalf of that entity. The only defendant named in the Original Petition was Griffin, which was served on October 6, 2009, and consequently has timely filed this Notice of Removal within the 30-day period required by 28 U.S.C. 1446(b).

### B. Basis for Removal

5. Removal is proper because Riggs's suit involves a federal question. 28 U.S.C. § 1441(b); *Hernandez v. Jobe Concrete Products, Inc.*, 282 F.3d 360 (5th Cir. 2002). Specifically, Riggs's claims relate to the denial and/or administration of benefits under Griffin's ERISA Plan, and are therefore based on or derive directly from the benefits claimed or available under that Plan. Riggs's Original Petition states implicitly that his claims are based on ERISA Section 502(a), therefore invokes jurisdiction under 28 U.S.C. §§ 1331 and 1337. *See also Kline v. H.E. Butt Grocery Co.*, 79 F. Supp 730, 734 (S.D. Tex 1999)

6. Removal is proper because Riggs's suit involves a federal question. 28 U.S.C. § 1441(b). Specifically, Riggs's claims are for the recovery of benefits due to him under the terms of Griffin's workplace accident policy, to enforce his rights under the terms of that policy, or to clarify his rights to future benefits under the terms of that policy. *See* ERISA Section 502(a), 29 U.S.C. § 1132(a). Riggs's Original Petition therefore invokes federal jurisdiction under 28 U.S.C. §§ 1331 and 1337.

7. A copy of all pleadings that assert a cause of action, all answers to such pleadings, and a copy of all process and orders served on the Removing Defendant is attached as Exhibit "A" to this Notice pursuant to 28 U.S.C. § 1446 (a), and in accordance with Rule LR 81 of the Court's Local Rules. LR 81, LOCAL RULES FOR THE SOUTHERN DISTRICT OF TEXAS. In addition, a list of all counsel of record and the represented parties is attached as Exhibit "B" to this Notice, in accordance with the Court's Local Rules.

8. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

9. Griffin will file promptly a copy of this Notice of Removal with the clerk of the state court in which this action has been pending.

### C. Jury Demand

10. Riggs has requested a jury in the state court action.

### D. Conclusion & Prayer

WHEREFORE, Defendant Griffin Restaurants, Inc., removes this action on the grounds that the claims in Plaintiff's Original Petition involve questions of federal law, and requests the Court to issue any orders necessary to stay the state court proceedings and assume jurisdiction over this matter for all purposes; and seeks all other relief to which Defendant may be entitled.

Dated: November 4, 2009

                                              Respectfully submitted,

                                              By: _____
                                              Paul M. Hood
                                              State Bar No. 09943440
                                              PAUL M. HOOD, P.C.
                                              1717 Main Street
                                              Suite 5500, LB 49
                                              Dallas, Texas 75201
                                              (214) 373-3214 phone
                                              (214) 373-0843 fax
                                              **ATTORNEYS FOR DEFENDANT**
                                              **GRIFFIN RESTAURANTS, INC.**

## CERTIFICATE OF SERVICE

     I certify that on November 4, 2009, a copy of the foregoing instrument was served on counsel for Plaintiff, Kenneth J. Milne, Vujasinovic & Beckcom, L.L.P., 1001 Texas Avenue, Suite 1020, Houston, Texas 77002, via certified first class mail, pursuant to the Federal Rules of Civil Procedure.



                                              Paul M. Hood